GALLAGHER v. LIVERPOOL & LONDON & GLOBE INS. CO. (No. 1394.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 23, 1918. Rehearing Denied Nov. 13, 1918.)

INSURANCE &⇒125(2) — AGENT'S AGREEMENT TO RENEW — AUTHORITY — LAWS APPLICABLE.

Where property in Oklahoma was insured by Oklahoma standard policy after negotiations in such state, the effect of policy provisions as to the right of insurer's agent to bind insurer by agreement to renew was governed by laws of Oklahoma.

Appeal from District Court, Potter County; Hugh L. Umphres, Judge.

Action by M. N. Gallagher against the Liverpool & London & Globe Insurance Company. Judgment for defendant, and plaintiff appeals. Affirmed.

C. E. Gustavus, of Amarillo, for appellant. Locke & Locke, of Dallas, and Veale & Lumpkin, of Amarillo, for appellee.

HALL, J. Appellant sued the appellee insurance company to recover $1,000 and interest upon an oral contract to renew a poli-

cy of fire insurance issued by appellee to one George Huckeby. The policy covered a brick building situated in the town of Manitou, Tillman county, Okl., and was effective from noon of April 24, 1916, to noon of April 24, 1917. Appellant alleged that he purchased the property from Huckeby, and that the insurance policy was assigned to him October 12, 1916; that on or about April 8, 1917, he wrote appellee's agents, Hines & Wells, at Manitou, Okl., to renew the insurance and collect the premium from the tenants occupying the insured building; that said agents received said letter, accepted and acted upon the request to renew the policy, but through neglect or error failed to issue a renewal policy, being under the impression that the original policy did not expire until about May 14, 1917; that on April 24, 1917, and after the expiration of the original policy, the building was totally destroyed by fire; that the value of said building was $1,000. Appellant further alleged that by reason of the agreement to renew the policy of insurance appellee became bound and obligated to pay the loss sustained. The prayer is in the alternative, that appellant have specific performance of the agreement to renew and that he recover the damages sustained.

Appellee answered, denying that Hines & Wells had renewed the policy, or that they had any authority to make any contract or promise in advance to renew it. There was also a special denial of the agreement as alleged by plaintiff. It is alleged that the property in question was situated in Oklahoma; that Hines & Wells resided in Oklahoma, and possessed no authority as its agents outside of that state; that all negotiations between appellant and said agents occurred in Oklahoma, and that the extent of their authority as agents, and the obligation, if any, of appellees, should be determined by the laws of Oklahoma; that according to the law of that state then in force, and recently declared by the Supreme Court of Oklahoma in the case of Oklahoma Fire Insurance Co. v. Fay Mercantile Co., decided November 16, 1915, reported in 52 Okl. 446, 153 Pac. 127, L. R. A. 1916C, 779, the said Hines & Wells were without authority from the defendant to make the alleged agreement, and if the agreement was made it was personal on their part. The court directed a verdict in favor of appellee insurance company.

Under a number of assignments appellant insists that this action was error. The report of the case of Oklahoma Fire Insurance Co. v. Fay Mercantile Co., as published in 52 Okl. 446, 153 Pac. 127, L. R. A. 1916C, 779, was introduced in evidence. It is shown by the statement of facts that the policy of insurance in the instant case is what is known as the Oklahoma standard policy, and was identical in its general terms and stipulations

with the policy considered by the Oklahoma Supreme Court in the Fay Mercantile Co. Case. We will not undertake to consider the numerous assignments urged by appellant, since under the view we take of the case the trial court was justified in directing a verdict for appellee. In the first place, we incline to the opinion that appellant failed to prove a contract with appellee, through its agents, Hines & Wells, to renew the policy; but we do not deem it necessary to rest the decision upon that finding. Wells testifies to the receipt of the letter from Gallagher, instructing him to collect the rents from the lessees of his building and with the proceeds to pay the premium upon the policy, when renewed; but he would not testify positively that he ever notified Gallagher of his intention to so act. In the statement made by the Oklahoma Supreme Court it appears that in the Fay Mercantile Case the policy of insurance was issued on November 2, 1910, effective for one year; that at the time of its issuance, and subsequently to that time, the agent agreed with the owner of the property that, when the policy expired, he would renew it. The agent overlooked the matter, and the property was burned a few hours after the expiration of the policy. On the day following the loss the agent, with knowledge of the insured, issued a renewal policy, antedating it November 2, 1911.

It is thus seen that the facts are almost identical with the facts in the instant case. The Oklahoma policy contains the provision that no officer, agent, or other representative of the company shall have power to waive any provisions or conditions of the policy, except such as by the terms of the policy may be subject to agreement or may be indorsed thereon. The stipulation in regard to renewals is as follows:

"This policy may by renewal be continued under the original stipulations in consideration of premium for the renewed terms, provided that any increase of hazard must be made known to this company at the time of renewal, or this policy will be void."

Since the state of Oklahoma is the lex loci contractus, the controversy must be determined according to the law of that jurisdiction. We will not unnecessarily prolong this opinion by quoting at length from the opinion in the Fay Case. Suffice it to say that, after quoting at length from Ostrander on Insurance, p. 39, to the effect that no agreement to insure at a future time will be enforceable, and from 2 Clement on Fire Insurance, p. 499, announcing the same doctrine, and the citation of a number of authorities from other jurisdictions, the court held that in view of the stipulations contained in the policy mentioned above, and especially of the proviso in the renewal clause, Hines & Wells had no authority to enter into an agreement to renew the policy,

or to renew it after loss. Whatever the holding may be in other jurisdictions, that case would preclude appellant from recovering in the courts of Oklahoma, and under the rule of lex loci he cannot recover in this state.

The court did not err in directing a verdict for appellee, and the judgment is affirmed.